SUMMONS IN A CIVIL ACTION  COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | SUMMONS NO. |
|---|---|
| CV18907307  D1 FX | 37100609 |

Rule 4 (B) Ohio

Rules of Civil Procedure

HOLINESS SCIENCE ORGANIZATION INC.
DBA ST. TERESA
VS
CHURCH MUTUAL INSURANCO COMPANY

PLAINTIFF

DEFENDANT

## SUMMONS

CHURCH MUTUAL INSURANCE CO.
3000 SCHUSTER LANE
MERRILL WI 54452

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

HARVEY KUGELMAN
2200 TERMINAL TOWER

50 PUBLIC SQUARE
CLEVELAND, OH 44113-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

MICHAEL P DONNELLY
Do not contact judge. Judge's name is given for attorney's reference only.



NAILAH K. BYRD
Clerk of the Court of Common Pleas


By_____
Deputy

| DATE SENT |
|---|
| Nov 26, 2018 |

COMPLAINT FILED  11/21/2018



CMSN130


EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
November 21, 2018 09:04

By: HARVEY KUGELMAN 0022625

Confirmation Nbr. 1556468

| | |
|---|---|
| HOLINESS SCIENCE ORGANIZATION INC. DBA ST. TERESA | CV 18 907307 |
| vs. | |
| CHURCH MUTUAL INSURANCO CO. | Judge: MICHAEL P. DONNELLY |

Pages Filed: 9

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| HOLINESS SCIENCE ORGANIZATION ) <br> INC., dba ST. TERESA HOLINESS ) <br> SCIENCE CHURCH ) <br> 7243 Kinsman Road ) <br> Cleveland, Ohio 44104 ) <br> ) <br> Plaintiff ) <br> ) <br> -vs- ) <br> ) <br> CHURCH MUTUAL INSURANCE ) <br> COMPANY ) <br> 3000 Schuster Lane ) <br> Merrill, Wisconsin 54452 ) <br> ) <br> Defendant ) | CASE NO. <br><br> JUDGE <br><br><br><br> C O M P L A I N T <br> (Jury Demand Endorsed Hereon) |

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Holiness Science Organization Inc., dba St. Teresa Holiness Science Church ("St. Teresa"), is the owner of a church facility located at 7243 Kinsman Road, Cleveland, Ohio, Cuyahoga County, Ohio 44104.

2. Defendant Church Mutual Insurance Company ("Church Mutual"), is a Wisconsin corporation for profit and/or is doing business in the state of Ohio for profit, conducts activities throughout the entire state of Ohio, and regularly conducts business operations in Cuyahoga County, Ohio.

3. Jurisdiction is appropriate in the state of Ohio because all parties are Ohio residents and/or are doing business in the state of Ohio, because all or part of the claim for relief arose in the state or Ohio and because the insurance contract between the parties was executed in Ohio.

4. Venue is proper in Cuyahoga County because the church facility which the insurance policy covers and where the underlying incident occurred are in Cuyahoga County, Ohio. A copy of the complete policy effective November 29, 2016 is not in

Electronically Filed 11/21/2018 09:04 / / CV 18 907307 / Confirmation Nbr. 1556468 / CLSLP

plaintiff's possession.

## STATEMENT OF FACTS

5.      Plaintiff St. Teresa purchased an insurance policy with defendant Church Mutual covering the church facility.

6.      The policy period applicable to the allegations contained herein commenced on May 12, 2016, until May 12, 2017. This insurance policy number 0169678-02-338600 provided coverage which included but was not limited to losses attributed to collapse, windstorm, water and demolition damage. Plaintiff purchased and paid for this insurance coverage and otherwise complied with all requirements under the insurance contract which form the prerequisites for payment in the event of a covered loss.

7.      When defendant Church Mutual commenced providing insurance coverage to plaintiff, in approximately 2011, it first performed a building and property inspection and appraisal to properly assess and value the premises for the insurance coverage being purchased.

8.      Upon information and belief, defendant Church Mutual has the right to annually review and inspect plaintiff's facility during the yearly renewal periods.

9.      On or about November 29, 2016, the greater Cleveland, Ohio area was struck by a significant wind and rain storm, causing widespread property damage and power outages throughout the area. This storm caused damage to the church facility, including the partial collapse of the structure and rendering it uninhabitable. The extent of damage has necessitated the facility's demolition.

10.     Plaintiff properly and promptly took all available actions to protect the premises and/or mitigate any damages it sustained.

11.     Plaintiff timely notified defendant Church Mutual of its claim, permitted and

cooperated with all investigations by police authorities, municipal building authorities and defendant Church Mutual, and timely submitted all requested proof of loss statements and available loss documentation.

12. At all times herein mentioned, plaintiff or others have paid the premiums and performed all conditions necessary to maintain in good standing the insurance policy referred to herein.

13. On or about December 9, 2016, defendant Church Mutual issued a letter to plaintiff denying coverage and refusing to pay for any of plaintiff's damage or losses. Defendant's stated justification was that the cause of the damage was a section of veneer trim missing from the building exterior. Having claimed the damage to be caused by missing veneer, defendant deemed the missing trim to be a result of wear and tear, lack of maintenance and repeated seepage of water not covered by the policy terms.

14. An examination by engineer Christopher Jasinsky of CRJ Services, LLC, indicated that the damage and collapse of the facility was instead caused by the corrosion of interior brick ties which secured the brick façade to the interior structural framing. This condition was not caused by the missing veneer on the building's exterior and could not be observed before the collapse of the building.

15. Despite plaintiff St. Teresa having performed all conditions necessary to maintain in good standing the insurance policy referred to herein and despite it having satisfied all conditions necessary to receive payment for its loss, defendant Church Mutual has refused to pay any of its covered losses.

16. As a direct and proximate result of defendant Church Mutual's acts and omissions, defendant has breached the insurance contract, its covenant of good faith, its fiduciary duty, acted in bad faith and engaged in statutory unfair trade practices, resulting in liability for compensatory damages, attorney fees, costs, expenses, expert

witness fees, exemplary damages and any and all other appropriate monetary and equitable remedies of relief to plaintiff St. Teresa.

### FIRST CLAIM FOR RELIEF (Breach of Contract)

17. Plaintiff St. Teresa incorporates by reference each of the allegations contained above as if fully rewritten herein.

18. At all times herein mentioned, plaintiff St. Teresa and defendant Church Mutual were parties to the aforementioned contract of insurance for the coverage period of May 12, 2016, through May 12, 2017.

19. The aforementioned insurance policy provided for, among other things, coverage for losses attributed to windstorm, water and building collapse damage.

20. Plaintiff St. Teresa timely and properly notified defendant Church Mutual of the incident of November 29, 2016, and otherwise fulfilled all policy requirements entitling her to coverage and compensation pursuant to the contract.

21. Plaintiff St. Teresa is legally entitled, pursuant to the terms of the insurance agreement, to receive coverage, less any deductible, and subject to any monetary coverage limits, for its losses sustained in the incident of November 29, 2016.

22. Plaintiff St. Teresa's damage and losses occurred within the period of homeowners insurance policy of coverage from May 12, 2016, through May 12, 2017.

23. Defendant Church Mutual had adequate notice of this occurrence and the insurance claim made by plaintiff.

24. Defendant Church Mutual had the ability to fully investigate, process and compensate St. Teresa for her covered losses prior to this date.

25. Plaintiff St. Teresa has fully cooperated with defendant Church Mutual during their investigation and claims evaluation.

26. Plaintiff St. Teresa has met all conditions precedent for coverage under this insurance policy, or those conditions have been excused or waived by defendant Church Mutual.

27. Defendant Church Mutual has improperly denied coverage and/or refused to timely pay the covered losses pursuant to this claim and failed to provide legally adequate reason for failure to do so.

28. Defendant Church Mutual has breached the terms of the insurance contract by refusing to timely investigate, process and pay a covered claim.

29. Defendant Church Mutual's conduct in failure to fairly evaluate and pay plaintiff's claim violates the express contract terms and exposes defendant Church Mutual to additional damages and a jury award above any policy limits set forth in the insurance contract.

30. As a direct and proximate result of defendant Church Mutual's actions, omissions and breaches of the insurance contract, it is liable to plaintiff St. Teresa in an amount in excess of $395,000.00 to be determined by a jury at trial.

## SECOND CLAIM FOR RELIEF (Covenant of Good Faith)

31. Plaintiff St. Teresa incorporates by reference each of the allegations contained above as if fully rewritten herein.

32. Ohio common law establishes that every contract entered into between parties has an implied covenant of good faith and fair dealing in its execution and performance.

33. Defendant Church Mutual has breached Ohio's covenant of good faith by not reasonably and properly investigating, reviewing, handling and attempting to resolve the insurance claim submitted by plaintiff St. Teresa in 2016.

34.  As a direct and proximate result of defendant Church Mutual's actions, omissions and breach of the covenant of good faith, defendant Church Mutual is liable in an amount above $395,000.00 to be determined by a jury at trial, plus plaintiff's costs and expenses.

### THIRD CLAIM FOR RELIEF (Fiduciary Duty)

35.  Plaintiff St. Teresa incorporates by reference each of the allegations contained above as if fully rewritten herein.

36.  The insurance contract between the parties creates a fiduciary relationship under Ohio common law because of the nature of the relationship between the parties and the duties and rights created pursuant to the Ohio Revised Code and the Ohio Administrative Code.

37.  Defendant Church Mutual's fiduciary duty to plaintiff St. Teresa requires that it act in good faith in the handling and processing of claims by the insured.

38.  Defendant Church Mutual breached its fiduciary duty in the handling, investigating, processing, reviewing and failure to pay regarding the insurance claim of plaintiff St. Teresa regarding the aforementioned incident of November 29, 2016.

39.  As a direct and proximate result of defendant Church Mutual's actions, omissions and breach of its fiduciary duty, plaintiff St. Teresa is entitled to compensatory damage in excess of $395,000.00 and punitive damages, to be determined by a jury at trial, plus attorney fees, cost of litigation, expert witness fees and any other expense and equitable remedies to be determined by a jury at trial and the Court.

## FOURTH CLAIM FOR RELIEF (Bad Faith)

40. Plaintiff St. Teresa incorporates by reference each of the allegations contained above as if fully rewritten herein.

41. Under Ohio common law, because a fiduciary duty exists in the context of insurance agreements and statutory duties imposed pursuant to the Ohio Revised Code and the Ohio Administrative Code, defendant Church Mutual has a duty to act in good faith in handling plaintiff St. Teresa's claim which includes, but is not limited to, the renter's insurance coverage for the aforementioned incident which occurred on or about November 29, 2016.

42. Plaintiff St. Teresa, as an insured, may pursue a bad faith tort claim against defendant Church Mutual as the insurer, for its failure to act in good faith, which is a separate tort claim, in addition to other common and statutory duties imposed upon the insurance industry in the state of Ohio.

43. Defendant Church Mutual acted in bad faith in its handling, investigating, processing, review and analysis of the 2016 claim and its failure to provide a good faith settlement offer for the claim covered by plaintiff's insurance.

44. As a direct and proximate result of defendant Church Mutual's actions, omissions and bad faith, plaintiff St. Teresa is entitled to compensatory damage in excess of $395,000.00 and punitive damages, to be determined by a jury at trial, plus attorney fees, cost of litigation, expert witness fees and any other expense and equitable remedies to be determined by a jury at trial and the Court.

WHEREFORE, plaintiff St. Teresa demands judgment against defendant Church Mutual as follows:

A. A determination that plaintiff St. Teresa was insured pursuant to the insurance coverage provision of the policy referred to herein;

B.   A determination of the rights and obligations of defendant Church Mutual Fire and Casualty Company under this policy;

C.   A determination that defendant Church Mutual Fire and Casualty Company has breached its contract with plaintiff St. Teresa;

D.   A determination that defendant Church Mutual Fire and Casualty Company has breached Ohio's covenant of good faith by not reasonably and properly investigating, reviewing, handling and attempting to resolve the insurance claim submitted by plaintiff St. Teresa;

E.   A determination of defendant Church Mutual Fire and Casualty Company has breached its fiduciary duty by not timely handling, investigating, processing, reviewing and failure to fully pay regarding the insurance claim of plaintiff St. Teresa;

F.   A determination that defendant Church Mutual Fire and Casualty Company has acted in bad faith in its handling, investigating, processing, review and analysis and failure to timely and fully pay the insurance claim of plaintiff St. Teresa;

G.   Judgment against defendant Church Mutual Fire and Casualty Company as and for compensatory damages in an amount in excess of Three Hundred Ninety Five Thousand Dollars ($395,000.00) which will adequately and fairly compensate plaintiff for her injuries and damages, to the full extent of the policy limits;

H.   Judgment against defendant Church Mutual Fire and Casualty Company as and for punitive damages in an amount in excess of Three Hundred Ninety Five Thousand Dollars ($395,000.00), and attorney fees and all costs expended in the prosecution of this action;

I.   That the costs of this action be paid by defendant Church Mutual Fire and Casualty Company.

## JURY DEMAND

A trial by jury is hereby requested.

Respectfully submitted,

/s/ Harvey Kugelman, Esq.
HARVEY KUGELMAN, Esq. (0022625)
Harvey Kugelman Co., L.P.A.
2200 Terminal Tower
50 Public Square
Cleveland, OH 44113
(216) 241-6770
harveykugelman@gmail.com
Attorney for Plaintiff



After printing this label:
CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH
1. Fold the printed page along the horizontal line
2. Place label in shipping pouch and affix it to your shipment

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.